Aspirationally, if I could reserve four minutes for rebuttal, please. All right. Aspirationally, it's been going fairly well today, so good luck. Good morning, Your Honors. May it please the Court. John Berg on behalf of Amazon.com Services, LLC. Your Honors, I first want to thank you for hearing this appeal on an expedited basis. Whether you knew that happened or not, there was a motion filed. We've squeezed onto your docket. There is actually a trial date set, in this case, 20 days from today. So we appreciate the Court's willingness to hear this on an expedited basis. The state court would not stay it, and they set a short trial date. So that's the situation we're in. Fortunately, I think this case, this appeal, presents to you an issue that is well settled under this Court's own precedent. Under Ninth Circuit law, a district court may not remand a case on the basis of a procedural defect unless that defect is first raised within 30 days of removal. And it goes to the Court's authority. It goes to the Court's discretion. And there is none. So says Congress. That seems to be your principal argument, that the 30-day deadline under 28 U.S.C. Section 1447C is not waivable, even if you failed to timely raise the statutory deadline issue when you contested appellee's remand motion. Do you have any case law to support your proposition? There is no case law about waiver of waiver. I think it's essentially a congressional deadline that provides and limits the authority of the district court. So it is our submission that whatever we do, we cannot grant authority to this district court to remand inconsistent with a congressional mandate in 1447C. So as I understand, well, I think let's just start with whether they actually made the argument in time. It seems that this is a judge-made rule, this voluntary-involuntary doctrine. So it's not really like a statute where there's a specific name for, you know, if it's a statute, you can say 1292 or whatever the statute is, and you can say you have to mention that name. But what is the name of the voluntary-involuntary doctrine that someone has to say? I don't think there are magic words. I agree with appellee in that regard. You don't need to use magic words. You don't have to say a certain thing. And I don't think you need to have a certain citation. But at the very least, you've got to make that argument. And that is not what the appellee did in this case. So when I read their brief, though, they're definitely saying we didn't think this should happen, the court made a mistake, we didn't want this defendant to be dismissed. It seems like they're making an argument that this wasn't our voluntary choice. And when I look at your opposition, it had arguments about why it was a voluntary choice. So it seems like you understood them to be making an argument about whether it was voluntary. And given all that, I don't understand why we should accept your argument that no one was talking about voluntariness. My response was based on my knowledge of the law, not the motion. The content of the motion did not invoke that doctrine, did not make that argument, based on the state of the mind of Mr. Schroeder, the appellee. And so that is why I've responded the way I've responded. They have three arguments in their motion for remand, and they all relate to the nonexistence of diversity. The voluntary-involuntary rule exists when there is diversity. There actually is diversity, which is not what they argued. But there's not removability for policy reasons, because plaintiffs should be given the opportunity to control the venue by their voluntary actions. I guess my point, though, is when you read their brief, it's very clear that if they're allowed to control their case, that they didn't want this to happen to their case. So why haven't they conveyed the point with that brief that this was not voluntary, even if they don't use that word? What they're doing is providing factual predicate for other arguments. Factual predicate. They don't take that next step and make the lawful legal analysis or argument that this is diversity that came about through an involuntary act. They don't want to be in federal court. You want to be in federal court. I think that that's pretty clear from everything. And then when the district court dismissed the district court fairly, they immediately put that individual back in within a day, right? So it certainly doesn't seem like they didn't want it to happen. And the only way this can be in federal court is it has to be. It's a diversity case, right? That's the only way. So I just don't see how they can be faulted in that situation. They get it immediately reinstated, and then, you know, I guess you look to on all of this, who's got sharp elbows here? Is it them or is it you? Well, I will tell you this much. In state court, the efforts to actually not prosecute the default judgment against Dom Kondekar stood out. There were intentional, deliberate choices made by plaintiff's counsel to not actually prosecute. So why did the court put back that defendant then? The state court was told in an ex parte proceeding that they had extended a deadline, that actually they had not, according to the transcript. And that's actually the district court's opinion, end of day, is that this litigant was told to file a motion and then chose not to file that motion. But the state court, I mean, for whatever reason, the state court thinks you're wrong about that. The state court, which is the one that had the deadline and the one that had the defendant and had to decide whether to dismiss it, dismissed it for a moment and then thought, oh, I've made a mistake and put it back. So if we take that, I mean, certainly for our purposes anyway, it shows that the plaintiff was trying to keep the defendant in because they went to the state court and said bring him back, right? Well, factually, I lived it, and it didn't appear that way until there was a realization about the control of the venue and the possibility of removal based on diversity. But, Your Honors, the merits of the voluntary involuntary rule here today I don't believe isn't before the court. The question, your jurisdiction, depends on whether or not the district court exceeded its authority and under binding precedent. But the district court gave two reasons. The district court said, I think that the brief actually did make the voluntary argument well enough. And then the second one was, and you waived the waiver. So if the first one is right, I mean, we kind of do have to figure out whether the brief made this argument well enough to evaluate whether the first argument was right and therefore whether the district court had authority, right? You have jurisdiction to decide your jurisdiction. I believe you do need to look at the brief de novo and ask yourself, is that argument made? And ask yourself, what is the standard in this context? Can we make arguments implicitly? Can we just offer factual predicate and draw assumptions from that? Apparent reliance, for example, is what the district court said. I would submit that is an incredibly practically unworkable standard in this context. And the cases that I have seen, they don't read between the lines. They don't look to if there's common facts between this argument and that argument to decide whether or not it's actually been made in the context of the motion for remand. They talk in terms of it being explicitly. But were any of those ones where there are no magic words, though? I mean, you started out by admitting there are no magic words for this doctrine. So can you point to any case where it's so amorphous what it means to raise this argument? Well, so when I say there's not a need for magic words, there is a name for this doctrine. It's the voluntary involuntary rule or doctrine. And that's how I understood it walking into, again, my response to the motion for remand. I didn't believe they had made the argument. But if I allege you didn't have a right to arrest me, you need probable cause. Do I have to say that's a Fourth Amendment violation? As I said, I don't believe you need to use magic words, but you certainly have to make the argument. Here they've made a different argument, three different arguments. The first one was that diversity didn't arise because it was an erroneous dismissal, and therefore there never was diversity and it shouldn't have been removed on that grounds. The second argument they made in the motion for remand is that it was corrected so quickly before Amazon could remove the case, and therefore there was no diversity at the time of the removal. And the third is Amazon acted in bad faith. And we know from the briefing and from the court's rulings that there was no bad faith. But that aside, it was based on this idea that we knew that the dismissal was ineffective because it was a court error. I can test that factually, but that said, every one of the arguments is about the alleged nonexistence of diversity at the time of removal, whereas the voluntary, involuntary rule actually has diversity. Removal, jurisdictionally, subject matter-wise, is proper, but for policy reasons it can be remanded on that basis. So they're making a different argument. I think an objective review of the motion for remand speaks for itself in that respect. Do you want to save any time? Yes, thank you. I will do that. All right, thank you. All right, we'll go to the appellee at this point. Good morning, and may it please the court. Lindsay Burrows for Plaintiff Timothy Schroeder. I plan to address two issues this morning. First, the district court had discretion to refuse to consider Amazon's untimely waiver argument. And second, Mr. Schroeder sufficiently raised his voluntary, involuntary rule argument in his timely motion for remand. If this court agrees with either of those arguments, it should affirm the district court's order remanding the case to state court. First, Amazon forfeited or waived its argument as to the timing of the objection to removal by failing to raise that argument until after the magistrate's findings or recommendations. And for Amazon to prevail- Well, it was at 59 days, right, as opposed to prior to the 30 days, right? The motion was made within the 30 days. So the question, I think, you know, there are multiple questions. The first question, though, is whether the court, the district court could say, Amazon, you failed to raise the timeliness of the waiver issue. And so, you know, that's a basis itself for refusing to consider the argument. And really for Amazon to prevail on that first issue, the court would need to treat the 30-day limit for objections to removal as jurisdictional and conclude that an argument invoking the 30-day rule can be raised at any time. That is essentially Amazon's argument. But that argument fails because as this court has made clear and as Amazon acknowledges, objections to jurisdiction under 1447C are procedural, not jurisdictional. And that, for example, is in Smith v. Milan. It's in the Lively v. Wild Oats case. In fact, it's the removing party's burden to establish jurisdiction. And because the 30-day rule is procedural and not jurisdictional, a removing party can forfeit or waive an argument about the timeliness of the objection. This is not an argument ultimately like lack of jurisdiction that can be raised at any time. That is, you know, Mr. Schroeder's fundamental point as to the first question. And, you know, to be clear, plaintiff's position is not that the district court had discretion to extend the 30 days. Plaintiff's position is that the district court had discretion to refuse to consider a procedural non-jurisdictional argument raised for the first time in an objection to the magistrate's findings and recommendations. Some of the cases sound like it really is a question of authority for the district court, though, and that this 30-day deadline is very rigid. So you're just arguing that it's not? No, Your Honor. And, you know, forgive me if I haven't been clear on this point. Our argument isn't that the 30 we you know, we're not disputing that the 30-day argument is rigid. Our argument is that a district court has discretion to refuse to consider an argument invoking the 30-day rule if that argument is untimely. I guess the problem is, though, does the district court need to assess for itself whether the 30-day rule is satisfied? Because it seems like not considering their argument that it was violated puts aside maybe their argument. But if the district court needs to assess it on its own, it seems like arguably you didn't satisfy that rule unless we get to the other point, which is that maybe you did satisfy that rule by making the argument. So if I were you, I would have started with the other point, but you chose what you did. So here we are, and we're talking about whether you can get out of a problem by talking about the other side having a problem, and I'm not sure why you can. Yeah, and I mean, I take Your Honor's point. Yes, I guess. Would you agree that if appellant timely raised that statutory deadline argument, then the district court would have had to reject your voluntary and involuntary argument as untimely? Yes, Your Honor. Okay. Wait, so you're saying that's – I think you're now saying that your brief didn't make the argument within the 30 days? No, no, no. I'm sorry. I took it as a hypothetical as – yeah, I mean, no, absolutely plaintiff is not – plaintiff's argument is that he timely raised the argument. If as a hypothetical, you know, it were – okay, I'm so sorry. I think I might have misunderstood the hypothetical. And – but yeah, plaintiff's argument is that he did raise it within 30 days, and I think, you know, I can just shift to that argument now, although, you know, we can talk more about the trial court's discretion to refuse to consider an untimely argument. Mr. Schroeder adequately raised the voluntary involuntary rule by making the factual and legal argument that there was no federal jurisdiction because the state court erroneously dismissed the nondiverse defendant. And I think importantly what plaintiff's timely motion to remand does is tie the lack of jurisdiction, the legal issue, to the involuntary act, the state court's erroneous dismissal of the nondiverse defendant. And I think, you know, as you noted, Judge Friedland, the involuntary involuntary rule is a judge-made doctrine rooted in fairness and the conservation of limited judicial resources. The basic rule is that removal is improper if federal jurisdiction is created only by circumstances outside of the plaintiff's control because the plaintiff is master of the complaint, and the plaintiff's complaint determines removability. And this court traced the history of that doctrine in Self v. Motors, and I do think it's important to note that the doctrine originated in the 1898 case Powers v. Chesapeake & Ohio Railroad Company, but the court in that case never used the words voluntary or involuntary. Rather, the court explained that removal is improper if it is predicated solely on, quote, circumstances wholly beyond the plaintiff's control, and that's on page 100 of the opinion. In the next case developing the doctrine, Whitcomb, the Supreme Court held that a state court's ruling, quote, adverse to plaintiff without his assent could not operate to make the case removable. And in Self, this court held that dismissal of the non-diverse plaintiff by the state court does not create diversity jurisdiction. Can I ask, so to figure out whether you made this argument originally within the 30 days, it seems like the district court decided that you did. Are we reviewing that de novo, or do we apply some sort of abusive discretion standard to the district court's evaluation about whether a brief made an argument well enough in the district court? Thank you, Your Honor. You know, this is obviously a very fact-bound question, and I think, you know, as we said on the brief, I think, you know, there is some authority for the idea that it could be a clear standard or abusive discretion, but even under a de novo standard of review, this court should conclude that Mr. Schroeder adequately raised the argument. And I would point the court to ER 162, for example. The header of, and this is in Plaintiff's Timely Motion for Remand. The header of that section provides, removal is improper because this court lacks jurisdiction. The argument under the header is that defendant took advantage of an error by the state court to create an illusion that diversity jurisdiction exists. Thus, this court must reject federal jurisdiction in remand to the state court. And I think what's important about what Plaintiff is doing in that example is tying the lack of federal jurisdiction to the fact that the state court erroneously dismissed the state case. So there we have sort of the confluence of the rule of law and the factual basis to support it, which I think this court should conclude is raised even under a de novo standard of review. Here's where I'm struggling a bit. The district court here decided to accept your voluntary involuntary argument by rejecting appellant's untimely statutory deadline argument. In doing so, it engaged in a policy analysis of the statutory deadline and said that it was exercising authority to waive the statutory deadline for you. Would you agree that the district court had no authority to waive the statutory deadline? If I believe that, do you lose then or is there a way you can still win? I disagree with what the district court was doing. I think the district court expressly found that plaintiff did not waive the statutory deadline. As we just pointed out, that legal conclusion is well supported by the factual record, which includes plaintiff's timely motion to remand as well as Amazon's response to that motion. I think under any sort of understanding of how a court determines— saying that the appellant waived the statutory deadline argument, didn't it? No, the district court expressly rejected the magistrate judge's finding and recommendation that there was waiver. The district court said, we're finding that this argument was not waived. Sorry, didn't the district court give two reasons? I read the district court as having two reasons. One was that Amazon did not object in time to timeliness, and the second was, in any way, the motion to remand was good enough. So it was like two alternative reasons. And plaintiff is continuing to assert that both of those alternative reasons are correct. All right, but what if I don't agree with you that they're both correct? Can you win on one? I'm not sure about this 30-day. I don't like messing with the 30-day rule here. Then I think, you know, if Your Honor is concerned about the 30 days, then I think the easiest path for this court to affirm is to find that the argument was adequately raised. And that argument is well supported by the record. Again, I would point this court to ER-162, ER-164. That's the argument under the header that we just talked about. The header on ER-164 is, quote, the record proves that the nondiverse defendant is a party to this case and his dismissal is error. And ER-156-157 is the recitation of the facts underlying the erroneous dismissal. And I think an important part of looking at whether something is adequately raised, you know, sort of the idea of this doctrine is that both that the court has an opportunity to rule on it, but also that the opposing party has the opportunity to meet the argument. And in this case, Amazon met the argument. In fact, the first line of Amazon's response to plaintiff's timely argument was, quote, Plaintiff made the deliberate decision not to pursue entry against defendant Doncumdar. Sorry, the nondiverse defendant. This choice and this choice alone resulted in complete diversity supporting the removal jurisdiction of this court. End quote. So Amazon was engaging on the substantive question of whether the dismissal was voluntary or not, which demonstrates that voluntariness was squarely at issue. And, you know, as Amazon concedes, magic words are not required. What is required, though, is that there is an assertion of the facts and law to support the argument. And in this case, the legal argument that plaintiff was making is that there was not diversity jurisdiction. And, again, the fact was the trial court's erroneous dismissal of the case as to the nondiverse defendant. We don't appear to have any additional questions. You have two minutes and 45 seconds. It's your choice how to use them. Unless the court has other questions, we would respectfully ask this court to affirm. Thank you. Thank you. Your Honor, it's John Berg on behalf of the appellant again. You will notice if you review carefully this district court's order of remand, Judge Emerget does not rule that it was sufficiently argued in the motion for remand. It doesn't come up. She refers to the argument as untimely, plaintiff's argument. Sorry, Apolli's argument as untimely. And then she expressly excuses, quote, excuses the timeliness of plaintiff's argument. You don't excuse timeliness of an argument that's timely. What this court did do is attempt to support the exercise of its discretion to excuse the timeliness by pointing to two things, the factual predicate in the motion for remand that we've discussed and this idea that it was fairly apparent that the appellee was thinking of that doctrine or that rule at the time of the filing of the motion for remand. But then the district court draws one conclusion from those two facts, and that is that Amazon had fair notice and an opportunity to respond. At no point in this district court's opinion did the district court say what was in the motion for remand was sufficient to satisfy the deadline under 1447. The deadline under 1447 is strict. It is a matter of the court said further, although plaintiff did not expressly invoke the voluntary, involuntary rule in his motion to remand, he supplied facts from which it was fairly apparent that he was relying on this rule. Why isn't that saying he raised it well enough? ER-5. It's the fourth and fifth line or so of ER-5, right in the heart of the opinion and order adopting the FNR with clarification. So what I turn to is ER-6 and 7 where there's an in-depth analysis of this very point, right? And it says again at ER-6 the concept of first, I think, talking about the error, and then you see from the fourth and third lines before the bottom, quote, this court therefore finds defendant received fair notice and an opportunity to respond. Isn't that usually a way of saying it was raised? Notice of the argument and opportunity to respond means that they made the argument, which is what it said on the page before where it says adequately raised it. Proceeding that is the point that we actually asked for a cert reply and got a cert reply. Okay, so yes, we had an opportunity by asking for a cert reply. In asking for a cert reply, we said this is improper, it's belated, it's outside the motion for remand. In the cert reply, repeatedly, over and over, this is improper, belated, and outside the motion for remand. And in our first objections to the first FNR by Magistrate Brousseau, we cited 1447C. We said this other belated argument was waived, and the court agreed in its order declining to adopt that FNR. Right, and the other issue. But on this issue, the court says although Plaintiff did not expressly invoke the voluntary-involuntary rule, he supplied facts from which it was fairly apparent that he was trying to raise this rule. Yes, and along with other factors like us asking for a cert reply and not being prejudiced, it comes to the conclusion that there's no unfairness to us, and therefore she's exercising her discretion. I read it as two reasons, though. One is it was raised well enough, and in any way they waived the objection. Again, at ER 7, last line in that section, under these circumstances the court will exercise its discretion to excuse the timeliness. So it says there is a fair appearance. It says there is a factual predicate within this motion for remand. What it does not say is factual predicate sufficient to satisfy 1440C, 47C. And, Your Honors, no other court has found that, and that can't be enough. So I think you want us to review this de novo, though? So, I mean, does it matter what the district court said? Well, I think you may need to forge a standard in terms of what is necessary within a motion to remand to satisfy 1447C. And I would say, to Your Honor, anything that allows an implicit argument is going to cause a mess on and really spoil the whole purpose behind 1447C, which is to resolve the venue issue at the earliest moment, right? And what you're going to have is the extra multi-factor considerations about fairness to decide whether or not we should deem an implicit argument sufficient to satisfy. And no court has done that, and it doesn't make practical sense to do that here. So if you think this is a novel question and we need to publish to resolve it, but you want us to do it in the next how many days? I wanted to clarify the time with both parties just so that I'm not sure that you said you have a trial date in the district court? February 23rd. In state court, though, because it's- State court. Wait, where's the trial date? February 23rd, 20 days from now. And it's where? It's in Multnomah County, Oregon, state court. The matter was remanded, and we appealed based on- Okay, so hypothetically, and I'm not-we have a conference, so I'm not-hypothetically, if we agreed that-to affirm the district court on the motion to remand, then you have a trial date on the 23rd. That is correct. All right. There is a trial date on the calendar. But if we can't get it done, then the trial date's obviously going to go away for both parties. I mean, you know, that doesn't give us a lot of-you know, maybe we can get it done. I don't know. We have a conference, so one way or the other. So if we agree that you win, then, of course, it's in the motion to remand. Then you're back in the district court, right? The easy way to deal with it was a stay pending appeal, which we requested, but the state court declined to grant that stay, so we asked for expedited treatment here. Okay. And let me just-I know I have Apelli on the line here, too, just in that limited area. Is that your understanding of the trial date as well? Yes, Your Honor. So if we affirmed, then you're going to trial the 23rd. If we don't affirm, but, you know, it doesn't-I can't make any promises about anything, but it's good for us to have the backdrop of we obviously like to be mindful of the real world. Can I just ask, though, so there is no stay pending this appeal, so if we don't do anything, the trial is happening? Is that the situation? The trial would happen, and I believe any judgment would be subject to reversal based on the absence of remand jurisdiction and supremacy clause issues and all kinds of a mess. Is my time up otherwise? Yes. Okay. It's way up. Thank you. Thank you both for your helpful arguments in this matter. And, of course, we always want to try to accommodate schedules, but we have to get the right answer, too. So we'll conference and do our best. Thank you.
judges: CALLAHAN, OWENS, FRIEDLAND